UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE CASOLE,<br>2983 Friends Road<br>Annapolis, Maryland 21401<br><br>    Plaintiff,<br><br>    v.<br><br>MIKE JOHANNS,<br>SECRETARY, UNITED STATES<br>DEPARTMENT OF AGRICULTURE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION
(Reprisal, Sex)

### Nature of the Claim

1. This is an action arising from certain acts, practices and courses of conduct resulting in discrimination and retaliation against the Plaintiff, Eugene Casole, by the Defendant, Mike Johanns, Secretary, United States Department of Agriculture. The acts complained of violate, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16 *et seq.*, and as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter collectively referred to as "Title VII").

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5(f) and 16(c); 28 U.S.C. 1331 and 1343(a).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because all of the actions complained of herein took place in the District of Columbia within the jurisdiction of the United States District Court for the District of Columbia.

### Parties

4. Plaintiff Eugene Casole (hereinafter "Plaintiff" or "Mr. Casole") is a white male citizen of the United States of America and is a current employee of the United States Department of Agriculture

5. Defendant Mike Johanns is the Secretary of the United States Department of Agriculture ("Defendant," "Agency" or "USDA"). USDA is an agency of the United States government within the meaning of 42 U.S.C. §2000e-16(a). As the Secretary of Agriculture, Defendant is responsible for the employment practices and procedures within USDA, and is named in his official capacity, pursuant to 42 U.S.C. §2000e-16(c).

### Procedural History

6. In addition to the eight (8) individual administrative formal complaints filed by Plaintiff in *Casole v. Johanns*, Civil Action No 1:05-cv-1459 (currently before this Court), Plaintiff filed three (3) individual administrative formal complaints of discrimination with the Agency against Defendant. These Complaints are: 1) Agency Case Number FSIS-2006-02449; 2) Agency Case Number FSIS-2007-00402, EEOC Appeal No. 0210081843; and 3) Agency Case Number FSIS-2008-00142.

7. Plaintiff has exhausted all of his administrative remedies regarding these three Complaints. Plaintiff filed his first administrative formal Complaint of Discrimination with the USDA, Agency Case Number FSIS-2006-02449 ("First Complaint"), on or about September 14,

2006, alleging discriminatory harassment based on reprisal for prior Equal Employment Opportunity ("EEO") activity. The Complaint was accepted for investigation by letter from the Agency dated October 18, 2006. The Agency issued its Report of Investigation on February 9, 2007. Plaintiff now includes this first Complaint in this civil action, and is timely filing this action as to the First Complaint pursuant to 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407(b), as more than 180 days have passed since Plaintiff filed this administrative Complaint and the Agency has not taken a final action on this Complaint.

8. On or about March 27, 2007, Plaintiff filed a second administrative formal Complaint of Discrimination, Agency Case No. FSIS-2007-00402 ("Second Complaint"), alleging discrimination based on sex (male) and reprisal for his previous EEO activity. The Agency issued a Final Decision dated February 20, 2008, which found no discrimination or retaliation. Plaintiff timely appealed the Agency's Final Decision to the Equal Employment Opportunity Commission, Office of Federal Operations (" EEOC OFO") on or about March 12, 2008. Plaintiff received a Final Decision from EEOC OFO dated May 21, 2008 and post-marked May 21, 2008, no earlier than May 22, 2008. EEOC OFO affirmed the Agency's Final Decision and found no discrimination or retaliation. Plaintiff now timely files this civil action with this Court as to the Second Complaint pursuant to 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407(a), as he is filing it within 90 days from his receipt of the EEOC OFO's decision.

9. On or about February 8, 2008, Plaintiff filed a third administrative formal Complaint of Discrimination ("Third Complaint"), Agency Case Number FSIS-2008-00142, alleging discriminatory harassment based on reprisal for his previous EEO activity. Plaintiff includes this Third Complaint in this civil action, and is timely filing this action as to the Third

Complaint pursuant to 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407(b), as more than 180 days have passed since Plaintiff filed the Administrative Complaint and the Agency has not taken a final action on this Complaint.

10.     Plaintiff also has pending before this Court litigation arising from earlier acts of reprisal and discrimination by the Agency, *Casole v. Johanns*, Civil Action No. 1:05-cv-1459. Plaintiff does not now seek consolidation of the cases, but may later seek consolidation in the interests of efficiency and conserving judicial resources, for the mutual convenience of the Court and the parties.

### Factual Allegations: First Complaint (Agency Case No. FSIS-2006-02449)

11.     For most of the time relevant to this civil action, Mr. Casole was a Compliance Specialist, GS-13, Evaluation and Employment Division (EED), Office of Program Evaluation and Enforcement and Review (OPEER), Food Safety and Inspection Service (FSIS), United States Department of Agriculture (USDA), Washington, D.C. Mr. Casole was in the Evaluation and Enforcement Division (EED) from 1995 until 2006. On or about October 1, 2006, Mr. Casole moved to the Compliance and Investigations Division (CID).

12.     Mr. Casole has been employed by USDA, FSIS, since September 26, 1986.

13.     At all times relevant to the First Complaint, Mr. Casole's first-line supervisor was Wayne N. Bossler, Program Manager, OPEER. Mr. Casole's second-line supervisor was Scott Safian, Director, EED. Both Mr. Bossler and Mr. Safian were aware of Plaintiff's previous EEO activity.

14.     In February 1997 the Agency accused Mr. Casole of sexual harassment and suspended him for five days without due process. Mr. Casole filed an administrative formal

Complaint of Discrimination based on sex (Agency Case No. FSIS-970741) challenging the unfair suspension, and the Complaint was resolved by settlement agreement. After resolution of the Complaint, Agency management circulated a document that stated, "Mr. Casole's misconduct will have a serious impact on his future work assignments. . . . ."

15. Mr. Casole has filed numerous other administrative formal Complaints besides the 1997 Complaint protesting discriminatory/retaliatory treatment during his career at USDA, including (a) in February 2003 (Agency Case No. 030295); (b) in November 2003 (Agency Case 040128, later renumbered by the Agency as FSIS-2003- 00128); (c) in April 2004 (Agency Case No. 040397); (d) in January 2005 (Agency Case No. 050222); (e) in May 2005, (Agency Case No. FSIS-2005-050336); (f) in September 2005 (Agency Case No. 00945); (g) in December 2005, (Agency Case No. FSIS-2006-00431), and (h) in March 2006 (Agency Case No. FSIS-2006-00322).

16. Plaintiff alleges in the First complaint that he was subjected to discriminatory harassment based on reprisal when on or about July 25, 2006, the Agency, through Mr. Bossler, in concurrence with Mr. Safian, gave Plaintiff a "Superior" performance appraisal instead of an "Outstanding" in his July 1, 2005-June 30, 2006 performance appraisal. "Outstanding" is a higher evaluation than "Superior," and the Agency, by its rating officials, had previously awarded Plaintiff "Outstanding" evaluations, and performance awards, including "Spot Awards." (Spot Awards are given for exceptional work.) Mr. Casole believes that Mr. Bossler and Mr. Safian gave him the lower evaluation in retaliation for his EEO activity, including filing EEO administrative complaints and filing a civil action against the Agency, and especially because

Mr. Casole had named Messrs. Bossler and Safian as responsible management officials ("RMOs.")

17.    Mr. Bossler did not acknowledge two Spot Awards earned by Plaintiff in recognition for his work up to June 30, 2005. Mr. Bossler initially refused to acknowledge the two Spot Awards during the 2004-2005 rating period and then again refused to acknowledge the two Spot Awards during the 2005-2006 rating period. Plaintiff believes that Mr. Bossler did not acknowledge the awards during the 2004-2005 rating period because Mr. Bossler had lowered Plaintiff's performance appraisal for the 2004-2005 rating period from a "Superior" to "Fully Successful," and Mr. Bossler could not justify giving Plaintiff two awards when he (Plaintiff) had only been rated a "Fully Successful" on his 2004-2005 performance appraisal, which was the time period that Plaintiff performed the work for which he earned the Spot Awards. (The lowering of Plaintiff's 2004-2005 performance appraisal is part of a reprisal claim of hostile environment in Plaintiff's previous civil action, *Casole v. Johanns*, Civil Action No. 1:05-cv-1459. *See* Count Two, paragraph 29(n) of the Third Amended Complaint of that action.) Mr. Bossler finally recognized the Spot Awards during a July 25, 2006 meeting with Plaintiff (after the 2005-2006 rating period) when he (Mr. Bossler) admitted that he had not referenced Plaintiff's Spot Awards during the 2005-2006 Performance Evaluations and agreed that the awards were earned during the 2004-2005 appraisal period. Plaintiff asserts that the two Spot Awards were not acknowledged in the 2004-2005 and the 2005-2006 rating periods because Mr. Bossler was retaliating against him for his prior EEO activity including filing of EEO Complaints (and a civil action as to the 2004-2005 denial of recognition of Spot Awards) against

the Agency and especially because Plaintiff had named Mr. Bossler as a "responsible management official."

### Factual Allegations: Second Complaint
### (Agency Case No. FSIS-2007-00402, EEOC Appeal Number 0120081843)

18. On or about October 1, 2006, Mr. Casole was assigned to the Compliance and Investigations Division of OPEER at USDA. At that time, Zygmunt Sala, the Director of CID in Washington, D.C., was Mr. Casole's first-level supervisor, and William C. Smith, Assistant Administrator of OPEER, was Mr. Casole's second-level supervisor. Mr. Sala and Mr. Smith were aware of Mr. Casole's previous EEO activity.

19. Mr. Casole had credentials, training, experience and program knowledge superior to that of Deborah Baucher and Sara Baucher, two females at OPEER who were typically assigned the high profile assignments..

20. Despite Mr. Casole's superior qualifications, on January 24, 2007 Mr. Sala and Mr. Smith gave Deborah Baucher and Sara Baucher a high profile state inspection assignment in New Mexico. On January 29, 2007, Mr. Sala and Mr. Smith gave Deborah Baucher and Valerie Neris (Compliance Specialist, EED) new supervisors training instead of Mr. Casole, despite the fact that neither woman was a Program Manager. (Both were staff officers). These two women were sent to new supervisors training to groom Ms. Baucher for CID Deputy Director and Valerie Neris for EED Program Manager. (These two positions were open at the time.) By going to the training, the two women had a technical advantage over other applicants for management positions, including Mr. Casole. Mr. Casole believes that he was denied the training and career advancement opportunity because of his sex and in reprisal for his previous EEO activity.

### Factual Allegations: Third Complaint (Agency Case No. FSIS-2008-00142).

21. In November, 2007, the Agency interviewed Mr. Casole concerning allegations that Mr. Safian promoted Vella Kay Holmes, EED Officer, an unqualified female, because Mr. Safian was having an affair with her. The investigator did not interview Mr. Safian. The Agency also suspected another supervisor, David Langley, of promoting Eleanor Lewis, Management Analyst, because Mr. Langley was having an affair with her. The investigator did not interview Mr. Langley, either. Neither of these two supervisors were interviewed, neither had to undergo a thorough personnel investigation, and neither had prior EEO activity. Mr. Casole believes that he was singled out for harassing interviews about these questionable promotions and was subjected to a thorough personnel interview and detail in the past because of his alleged misconduct at EED, in retaliation for his EEO activity.

### Damages

22. As a direct result of the Agency's actions here, Mr. Casole has suffered physical, emotional and economic damages, including but not limited to: emotional pain and suffering; anxiety; depression; stress; aggravation; humiliation; and loss of past, present and future income, including loss of pay and benefits.

### COUNT ONE

### REPRISAL IN VIOLATION OF TITLE VII
### (Discriminatory Harassment by Downgrading Performance Appraisal)

23. Mr. Casole adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 22, above.

24. Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity on or about July 25, 2006,

when the Agency gave him a "Superior" performance evaluation instead of an "Outstanding" performance evaluation for his July1, 2005 – June 20, 2006 performance appraisal.

25.     Mr. Casole performed his work at an Outstanding level throughout this rating period. However, the Agency, through Mr. Bossler and Mr. Safian, manipulated the evaluations system to lower or downgrade Mr. Casole's performance appraisal.

26.     As a direct result of these actions, Mr. Casole suffered the damages as described in paragraph 22, above.

## COUNT TWO

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII
### (Denial of Inspection Assignment)

27.     Mr. Casole adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 26, above.

28.     Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully discriminated against him on account of sex on or about January 24, 2007 when it denied him a New Mexico state inspection assignment in favor of Deborah Baucher and Sara Baucher, two females at OPEER who were less qualified than him to receive the assignments.

29.     As a direct result of these actions, Mr. Casole suffered the damages as described in paragraph 22, above.

## COUNT THREE

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII
(Denial of New Supervisor Training)

30. Mr. Casole adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 29, above.

31. Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully discriminated against him on account of his sex (male) on or about January 29, 2007 when it denied him new supervisors training in favor of two females, Deborah Baucher in CID and Valerie Neris in EED, who were instead sent to supervisors training for two vacant supervisors positions. Mr. Casole was far more qualified than Ms. Baucher and Ms. Neris to receive the training.

32. As a direct result of these actions, Mr. Casole suffered the damages as described in paragraph 22, above.

## COUNT FOUR

### REPRISAL IN VIOLATION OF TITLE VII
(Denial of Inspection Assignment)

33. Mr. Casole adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 32, above.

34. Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him on or about January 24, 2007 because of his prior EEO activity when it denied him a New Mexico state inspection assignment in favor of Deborah Baucher and Sara Baucher, who were less qualified than him to receive the assignment.

35.    As a direct result of these actions, Mr. Casole suffered the damages as described in paragraph 22, above.

## COUNT FIVE

### REPRISAL IN VIOLATION OF TITLE VII
### (Denial of New Supervisor Training)

36.    Mr. Casole adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 35, above.

37.    Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity when it denied him new supervisors training on or about January 29, 2007 in favor of Deborah Baucher in CID and Valerie Neris in EED, who were instead sent to supervisors training for two vacant supervisors positions. Mr. Casole was far more qualified than Ms. Baucher and Ms. Neris to receive the training.

38.    As a direct result of these actions, Mr. Casole suffered the damages as described in paragraph 22, above.

## COUNT SIX

### REPRISAL IN VIOLATION OF TITLE VII
### (Discriminatory Harassment on Account of Prior EEO Activity)

39.    Mr. Casole adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 38, above.

40.    Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity when it interviewed him in

November, 2007 for an investigation when he was not the subject of the investigation but did not interview Mr. Safian (on information and belief, no prior EEO activity), his second-line supervisor who had engaged in unethical conduct, or Mr. Langley (on information and belief, no prior EEO activity), who also had engaged in unethical conduct.

41. Mr. Casole alleges that the Agency willfully, intentionally, maliciously and unlawfully retaliated against him because of his prior EEO activity when it conducted a thorough personnel investigation on him in the past for alleged misconduct and did not conduct such personnel investigations on Mssrs. Safian and Langley.

42. As a direct result of these actions, Mr. Casole suffered the damages as described in paragraph 22, above.

WHEREFORE, Plaintiff Eugene Casole, respectfully prays that this Court award the following relief:

a. Enter a declaratory judgment that Defendant's actions violated the rights of Plaintiff by retaliating against him for his prior EEO activity in violation of Title VII;

b. Enter a declaratory judgment that Defendant's actions violated the rights of Plaintiff by discriminating against him because of his sex (male).

c. Order that Defendant immediately cease and desist from discriminating and retaliating against Plaintiff;

d. Order that Defendant pay Plaintiff an appropriate sum of money that will compensate him for his pain and suffering, and for the other nonpecuniary losses that Defendant

caused Plaintiff by discriminating and retaliating against him, up to Three Hundred Thousand Dollars ($300,000.00);

e. Order that Defendant pay Plaintiff an appropriate amount of consequential damages that will compensate him for the future career opportunities and pay increases that he lost due to Defendant's discriminatory and retaliatory treatment of him;

f. Order that Defendant pay all of Plaintiff's expenses of litigation, including reasonable attorney's fees and costs for this action, including such attorney's fees and costs that Plaintiff incurred in the processing and litigating of the administrative complaints that he filed in this matter; and

g. Order any other relief that it deems just and proper.

## Jury Demand

The Plaintiff respectfully requests a jury trial on all matters raised herein.

Respectfully submitted,

_____
Steven J. Silverberg
D.C. Bar No. 377376
Attorney for Plaintiff
1090 Vermont Avenue, N.W.
Suite 500
Washington D.C. 20005
Tel: (202) 785-8499
Fax: (202) 785-8470
E-mail: sjsilverberg@erols.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS** Eugene Casole

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Ann Arundel
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Mike Johanns, Sec U.S. Dept. of Agriculture

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven J. Silverberg; 1080 Vermont Ave., N.W.; Suite 500; Washington, D.C. 20005

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Employment discrimination based upon sex (male) and reprisal for prior EEO activity.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ DEMAND $ _____ Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☒ YES ☐ NO If yes, please complete related case form.

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _Stan J. Silverberg_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.